### BECKER v. HOROWITZ et al.

(Supreme Court, Appellate Term. January 8, 1909.)

BILLS AND NOTES (§ 404*)—TIME FOR PRESENTMENT.

Where a demand note, with sureties, was given with the understanding that the payee should ask payment when she needed the money, and a de-mand of payment was made in about seven months after date, it was er-ror to direct a verdict for the sureties on the ground that such demand was not made within a reasonable time.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig §§ 1091–1103; Dec. Dig. § 404 *]

Appeal from City Court of New York.

Action on a note by Jennie Becker against Rebecca Horowitz, Isaac Levine, and Harris M. Cohen. From so much of a judgment as dis-missed the complaint against defendants Levine and Cohen, plain-tiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Meyer London, for appellant.
Jacob W. Block, for respondent Cohen.
Bernard Ginsburg, for respondent Levine.

PER CURIAM. Defendant Horowitz borrowed $800 from plain-tiff and gave her promissory note, payable on demand, with the other defendants as indorsers. Plaintiff sued on the note, and made out a clear case against Horowitz, who in fact made no defense, and the court directed a verdict against Horowitz, but dismissed the com-plaint as to the indorsers, on the ground that there was no evidence of presentment, demand, and refusal to the indorsers, and on the ground that the note was not presented within a reasonable time

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after its date. This demand note was given, according to the plaintiff's evidence, by a friendly arrangment between the parties, with the understanding that plaintiff should ask payment when she needed the money. It was dated June 25, 1907, and plaintiff claims that it was presented for payment, and payment refused, on January 6, 1908, and on the same day the indorsers were notified. We think it was error to take the case from the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.